UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JOHN V. NORRIS,            )
                           )
    Plaintiff,             )
                           )
    v.                     )      13-CV-3351
                           )
IDOC et al.,               )
                           )
    Defendants.            )

**MERIT REVIEW OPINION**

Plaintiff filed this case while out of prison, but he is now incarcerated. Plaintiff challenges an alleged false disciplinary ticket and subsequent disciplinary hearing. He alleges that these adverse actions were taken to retaliate against him for exercising his First Amendment rights.

The Court asked for more information in order to determine whether Plaintiff states a claim, but then Plaintiff was incarcerated, and he is now unable to access the documents which might shed light on his claim. Accordingly, this case will proceed for service. Once Defendants appear, the Court will determine whether Plaintiff states any claims which can proceed in this action.

However, some of the Defendants must clearly be dismissed. Defendants Godinez, Allen, and Dawson are sued because they allegedly failed to correct the injustice caused by the other Defendants.  Supervisors cannot be held liable for their subordinates' constitutional violations solely because they are in charge.  <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); <u>Soderbeck v. Burnett County</u>, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").  Additionally, Plaintiff should be aware that the violation of IDOC rules does not, as a general matter, violate any federal laws.  <u>Simmons v. Gillespie</u>, 712 F.3d 1041, 1044 (7th Cir. 2013)("The Constitution does not require states to ensure that their laws are implemented correctly.").

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a potential retaliation and procedural due process claim.

2)   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)   The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery

requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) **Plaintiff's petition to proceed in forma pauperis is granted (d/e 2).**

11) **Plaintiff's motion for the Court to seek pro bono counsel is denied (d/e 3) with leave to renew after Defendants appear and the Court better understands the nature of Plaintiff's claims.**

12) **Plaintiff's motion to appear by telephone is denied as unnecessary (d/e 6).**

13) **Defendants Godinez, Allen, and Dawson are dismissed and terminated from this action.**

ENTERED: 1/30/2014

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE